UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN SCHNEIDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EVANSTON INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-03484-JSC<br><br>**ORDER RE: MOTION FOR SUBSTITUTION OF PLAINTIFF**<br><br>Re: Dkt. No. 30 |

Before the Court is a motion to substitute Kelly Beckham, executrix of the Estate of Alan Schneider (the "Estate") and trustee of the Alan Schneider Revocable Trust Dated March 15, 2007 (the "Trust"), as Plaintiff in this action following Mr. Schneider's death. (Dkt. No. 30.) After careful consideration of the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion to substitute.

**BACKGROUND**

Mr. Schneider filed a complaint against Defendants on diversity grounds on May 22, 2020, alleging that Defendants refused to properly provide insurance policy benefits after his business was burglarized, and bringing state law claims for breach of contract and bad faith. On August 21, 2020, Defendants filed a motion to dismiss, and in response Mr. Schneider's counsel submitted a declaration attesting that Mr. Schneider passed away on or about July 15, 2020, and that Defendants were aware of Mr. Schneider's passing before filing the motion to dismiss. Defendants later submitted a statement noting Mr. Schneider's death. Ms. Beckham subsequently filed the instant motion to substitute herself, the Estate's executrix and Trust's trustee, as Plaintiff in this action. The motion is fully briefed.

**DISCUSSION**

Defendants do not oppose Ms. Beckham's substitution as Plaintiff in her capacity as the Estate's executrix; rather, Defendants argue that substitution of Ms. Beckham in her capacity as the Trust's trustee is improper. For the reasons set forth below, the Court disagrees.

### I.     Legal Standard

Federal Rule of Civil Procedure 25(a)(1) governs the substitution of parties, and provides that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." A motion for substitution may be made "by the decedent's successor or representative," and if "not made within 90 days after service of a statement noting the death, the action by or against the decedent may be dismissed." Fed. R. Civ. P. 25(a)(1). Thus, in deciding a motion to substitute under Rule 25(a)(1), a court must consider: the motion's timeliness, whether any pleaded claims are extinguished, and whether the person being substituted is a proper party. *See id.*; *see also Veliz v. Cintas Corp.*, No. C 03-1180 RS, 2008 WL 2811171, at \*1 (N.D. Cal. July 17, 2008). Where Rule 25(a)(1)'s requirements are satisfied, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

### II.    Discussion

Defendants acknowledge that the motion was timely filed, and that Mr. Schneider's claims survive his death. (Dkt. No. 31 at 3.) *See, e.g.*, Cal. Civ. Proc. Code § 377.20; *Barney v. Aetna Cas. & Sur. Co.*, 185 Cal. App. 3d 966, 973 (1986); *Gagnon v. Cont'l Cas. Co.*, 211 Cal. App. 3d 1598, 1601 (1989), *as modified* (July 20, 1989). Thus, the only issue is whether Ms. Beckham is a properly substituted party in her capacity as the Trust's trustee.

Ms. Beckham is the Trust's sole trustee, and is empowered to manage the Trust and its property. (Dkt. No. 30-1 at 2 ¶ 4, 10-11.) Nonetheless, Defendants argue that Mr. Schneider's decision to file suit individually, rather than on behalf of the Trust, precludes Ms. Beckham's substitution in her capacity as a trustee in this action. (Dkt. No. 31 at 4-5.) While Defendants cite cases for the proposition that revocable trusts are legal entities distinct from their trustees, *see Dickey v. Auer*, No. 2:05-CV-2373-MCE-GGH, 2006 WL 1409623, at \*4 (E.D. Cal. May 19,

2006), Defendants do not cite—and the Court is not aware of—any case that prohibits Ms. Beckham from proceeding as a proper party in her capacity as the Trust's trustee.

Against a similar factual backdrop, *Fugnetti v. Bird B Gone, Inc.*, No. SACV 19-00847-CJC(DFMx), 2020 WL 6526363, at *1 (C.D. Cal. Sept. 17, 2020), considered a motion to substitute the decedent's daughter as the plaintiff in the action. In *Fugnetti*, the plaintiff filed a copyright infringement action in May 2019 and died in January 2020. *Id.* at *1. Following his death, certain assets of his estate were transferred to a trust he created with his wife in 1990. *Id.* In August 2020, the decedent's wife created a new trust into which she transferred all rights in the image motivating the copyright infringement action, and named the decedent's daughter as trustee of the newly-created trust. *Id.* The court determined that she, "in her capacity as trustee of the [trust], [was] the proper party to substitute for [the deceased] in his capacity as [p]laintiff[.]" *Id.* at *3.

The Court finds this reasoning persuasive. As in *Fugnetti*, Ms. Beckham is the Trust's sole trustee, and the Court has no difficulty concluding that, in this capacity, she is a properly substituted party for Mr. Schneider. In any event, as there is agreement that she is properly a party as the Estate's executrix, there is no prejudice in allowing her substitution in both capacities and then sorting it out later to the extent it actually makes a difference.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to substitute Ms. Beckham in her capacity as the Trust's trustee as well as the Estate's executrix is GRANTED. Ms. Beckham shall file an amended complaint within 21 days of this Order. In light of this substitution, Defendants' motion to dismiss (Dkt. No. 14), is dismissed as moot.

This Order disposes of Dkt. No. 30.

**IT IS SO ORDERED.**

Dated: January 22, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3