UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY BECKHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 20-cv-03484-JSC<br><br>**ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 56 |

Defendant Evanston Insurance Company ("Evanston") moves to dismiss Plaintiff's prayer for emotional distress and punitive damages in her Second Amended Complaint ("SAC"). (Dkt. No. 56.)[1] After carefully considering the parties' written submissions, and having had the benefit of oral argument on July 22, 2021, the Court GRANTS Defendant's motion to dismiss with leave to amend as to the punitive damages but with prejudice as to the demand for emotional distress damages.

## BACKGROUND

**A. Second Amended Complaint Allegations**

Ms. Beckham is a California resident and the daughter and heir of Alan Schneider; Mr. Schneider commenced this lawsuit on May 22, 2020 and died on July 15, 2020. Ms. Beckham is also the executor of Mr. Schneider's estate and trustee of the Alan Schneider Revocable Trust.

Before his death, Mr. Schneider owned and operated a well-reputed antique business and store in San Francisco called "Antique Traders," specializing in Art Nouveau objects and art. On or about November 23, 2018, Antique Traders was burglarized. A number of valuable items were

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

stolen or damaged.  The store itself was also damaged; the burglars removed the store's security bars and used them to smash the store's plate glass window.  Ms. Beckham alleges Mr. Schneider purchased "surplus line" insurance from Evanston, and that at all relevant times Evanston insured Antique Traders with insurance policies "supposed to provide coverage . . . for loss to antiques, inventory, and other personal property," as well as "physical damage to the store."  (Dkt. No. 51 at 3 ¶ 11.)

Mr. Schneider notified Evanston of the burglary and provided all the information requested, including proof of loss resulting from the burglary.  Ms. Beckham alleges that Evanston knew at the time they rejected Mr. Schneider's proof of loss that he was "sick and dying[,]" that they made him sit for an examination regarding his insurance claim and hired lawyers to delay the claim's processing.  (Dkt. No. 51 at 4 ¶ 13.)  Ms. Beckham alleges that despite having all information relevant and necessary to pay Mr. Schneider's claim—as well as ignoring other information relevant to the claim—Evanston has failed and refused to pay it.  Instead, the complaint alleges that Evanston misled Mr. Schneider and discouraged him from acting against them.  To date, Evanston has only paid "about 50% of what is owed" based on Mr. Schneider's claim.  (*Id.* at 5 ¶ 15.)  Upon Mr. Schneider's death, the policy states, "your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative."  (Dkt. No. 56-1.)  Ms. Beckham alleges that Evanston "persisted in their wrongful conduct, and have treated [her] with the same disdain and callous attitude."  (*Id.* at ¶ 16.)

**B. Procedural Background**

Mr. Schneider filed his complaint against Evanston on May 22, 2020.  (Dkt. No. 1.)  Following his death, the Court granted Ms. Beckham's motion to substitute herself as Plaintiff in this action and granted Evanston's motion to dismiss Mr. Schneider's complaint as moot.  (Dkt. No. 37.)  Ms. Beckham filed an amended complaint on February 9, 2021, bringing claims for breach of contract and bad faith against Evanston and seeking economic, emotional distress, and punitive damages.  (Dkt. No. 39.)  The Court granted Evanston's motion to dismiss the insurance broker Markel, as well as Plaintiff's claims for emotional distress damages and punitive damages with leave to amend.  (Dkt. No. 50.)  Plaintiff filed a SAC on April 29, 2021 with the same claims

and prayer for relief, (Dkt. No. 51) and stipulated to dismiss Markel without prejudice. (Dkt. No. 53.) Evanston moves to dismiss the prayer for emotional distress and punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 56).

## LEGAL STANDARD

A Rule 12(b)(6) motion should be granted when the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). In ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Mar. Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). If a court grants a Rule 12(b)(6) motion, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

Ms. Beckham brings claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Ms. Beckham was not a party to the insurance contract; thus, she brings these claims as the successor in interest to her father, Mr. Schneider, who was the party to the contract. As a remedy for the breach of the implied covenant of good faith and fair dealing she seeks, among other things, emotional distress and punitive damages. Evanston moves to dismiss on the grounds that she does not have a legal right to obtain emotional distress damages on her

3

1  behalf and that she has not alleged facts sufficient to plausibly support a claim for punitive

2  damages.

### A.     Emotional Distress

One remedy for breach of the implied covenant of good faith and fair dealing is recovery of the insured's emotional distress damages.  *See Austero v. Nat'l Cas. Co.*, 62 Cal. App. 3d 511, 515 (1976).  That remedy, however, does not survive the death of the insured.  *See Maddux v. Philadelphia Life Ins. Co.*, 77 F. Supp. 2d 1123, 1134 (S.D. Cal. 1999).  Thus, damages for Mr. Schneider's emotional distress are not available as a remedy for his breach of the implied covenant claim.  Ms. Beckham nonetheless insists she can recover damages for her own emotional distress caused by Evanston after she became her father's successor in interest.  As a matter law, she cannot.

First, the California Code expressly states:

> In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement.

Cal. Code Civ. Proc. § 377.34.  The claim for breach of the implied covenant of good faith and fair dealing is Mr. Schneider's claim as he is the insured.  The claim is brought by Ms. Beckham as Mr. Schneider's successor in interest.  Accordingly, under the statute's plain language "damages are limited to the loss or damages that [Mr. Schneider] sustained or incurred before death . . . and do not include damages for pain, suffering, or disfigurement."  As Ms. Beckham's own emotional distress is not a damage Mr. Schneider sustained before his death, it is not recoverable in an action, such as this, brought as a successor in interest.

Second, Ms. Beckham's contention that Mr. Schneider's insurance policy gives her the right to recover emotional distress damages as a successor in interest is unpersuasive.  The insurance policy states: "If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative."  (Dkt. No. 56-1 at 15.)  The preceding paragraph makes clear that the Policy refers to the "rights and

4

duties under this policy." (*Id.*)  Without citation to any authority—or any policy provision--Ms. Beckham asserts that Mr. Schneider's rights include "the ongoing right to be treated fairly and in good faith by defendant." (Dkt. No. 57 at 4.)  But the policy states that the rights are transferred only while the representative is "acting within the scope of duties as your legal representative."  When acting as a legal representative Ms. Beckham is acting on behalf of her father—not on her own behalf—and her father's claim for emotional distress damages extinguished on his death.  Cal. Code Civ. Proc. § 377.34.  There simply is no tort—in the Code or caselaw—for breach of the duty of good faith and fair dealing to a successor in interest individually.  It is thus unsurprising that Ms. Beckham does not and cannot cite a single California case that interprets this common policy language as conferring upon a successor in interest the same rights as an insured to bring a claim for breach of the implied covenant of good faith and fair dealing on her own behalf as an insured rather than on behalf of the deceased's estate.

Third, the conclusion that Ms. Beckham cannot recover for her own alleged emotional distress incurred while serving as the successor in interest is in accord with cases holding that a legal entity, such as an estate, cannot suffer emotional distress.  *See, e.g. Price, Tr. of Joyce A. Childress Tr. of 2004 v. Grand Bank for Sav., FSB*, 18CV440-LAB (NLS), 2019 WL 1767895, at *4 (S.D. Cal. Apr. 22, 2019).

Finally, that Ms. Beckham cannot recover damages for her father's emotional distress does not mean that the courts should recognize a new tort that allows a successor in interest to recover for her own emotional distress.  Indeed, the California Court of Appeals has held that courts should not recognize such a tort: "[t]he legislative decision that damages for physical suffering are personal and do not survive is not an 'unfairness' that must be circumvented by creating a right to such damages in a surviving family member. [Ms. Beckham] as [Mr. Schneider's] successor, can seek all damages suffered by [Mr. Schneider], which the Legislature has authorized." *The MEGA Life & Health Ins. Co. v. Superior Ct.,* 172 Cal. App. 4th 1522, 1533 (2009); *see also Austero v. Nat'l Cas. Co.,* 62 Cal. App. 3d 511, 516–17 (1976) (holding that "liability for 'bad faith' has been strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship. Where no such relationship exists, no recovery for 'bad faith'

5

may be had.").

***

Ms. Beckham as her father's successor in interest does not allege a claim that allows for recovery of her own emotional distress, and as she has not identified any claim that she could bring on her own behalf or as a successor in interest that would allow such recovery, Evanston's motion to dismiss the emotional distress demand is GRANTED without leave to amend.

### B.     Punitive Damages

California Civil Code § 3294 provides that in an action "for breach of an obligation not arising from contract," a plaintiff may seek punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). A successor in interest may recover punitive damages that would have been recoverable by the insured. *The MEGA Life & Health Ins. Co.*, 172 Cal. App. 4th at 1522. While an award for punitive damages is unavailable on Ms. Beckham's breach of contract claim, *see Miller v. Nat'l Am. Life Ins. Co.*, 54 Cal. App. 3d 331, 337 (1976), her claim for "bad faith by an insurer is subject to tort remedies, including punitive damages[,]" *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir. 2002) (citation omitted). However, "the complaint . . . must allege ultimate facts of the defendant's oppression, fraud, or malice." *Cyrus v. Haveson*, 65 Cal. App. 3d 306, 316-317 (1976). Conclusory allegations "devoid of any factual assertions supporting a conclusion [that defendants] acted with oppression, fraud or malice" are insufficient to satisfy Section 3294's requirements. *Smith v. Superior Ct.*, 10 Cal. App. 4th 1033, 1042 (1992).

Evanston argues that the complaint does not allege sufficient facts to support punitive damages recovery because Ms. Beckham merely repeats the words "maliciously, fraudulently, oppressively" in the SAC. Ms. Beckham responds that she is entitled to recover punitive damages for Evanston's conduct toward Mr. Schneider and for Evanston's treatment of her in her capacity as successor in interest. Ms. Beckham states that Evanston has treated her with disdain, and "acted maliciously, fraudulently, oppressively [] in knowing and conscious disregard of [her] rights by failing and refusing to pay [claim] benefits[.]" (Dkt. No. 51 at 8 ¶ 30.)

However, as with the demand for emotional distress damages, Ms. Beckham does not

provide any case law, nor is there any authority, that allows a successor in interest to recover punitive damages for the defendant's conduct towards her. Accordingly, Ms. Beckham may only recover punitive damages that would have been recoverable by Mr. Schneider. *The MEGA Life & Health Ins. Co.*, 172 Cal. App. 4th at 1522. This holding does not mean, however, that Evanston's conduct toward Ms. Beckham is inadmissible or irrelevant, only that the claim for punitive damages belongs to Mr. Schneider and is brought by Ms. Beckham as his successor in interest.

As for conduct towards Mr. Schneider, the SAC does not satisfy the pleading standard for punitive damages. Ms. Beckham alleges that Evanston knew at the time they rejected Mr. Schneider's proof of loss that he was "sick and dying[,]" that they made him sit for an examination regarding his insurance claim and hired lawyers to delay the claim's processing. (Dkt. No. 51 at 4 ¶ 13.) Additionally, Evanston "misled" and "threatened" Mr. Schneider, and "engaged in other bad faith conduct" to discourage him from suing or "taking action" against Evanston. (*Id.* at ¶ 14.) These allegations, however, do not plausibly support an inference that Evanston acted with an intent to cause Mr. Schneider injury, "willful and conscious disregard" for his safety, or engaged in "despicable conduct that subject[ed] [him] to cruel and unjust hardship[.]" Cal. Civ. Code § 3294(c)(1)-(2). These allegations lack "any factual assertion supporting [their] conclusion" that Evanston acted with oppression, fraud, or malice. *Smith*, 10 Cal. App. 4th at 1042. For example, what did Evanston do that misled Mr. Schneider? What did they say that Ms. Beckham alleges is a threat? Hiring lawyers itself is not conduct that gives rise to punitive damages so Ms. Beckham must allege more that plausibly supports an inference that it was done for an improper purpose, as she conclusorily suggests.

As Ms. Beckham probably can allege facts sufficient to support her demand for punitive damages, the motion to dismiss the punitive damages demand is granted with leave to amend.

## CONCLUSION

For the reasons stated above, the Court dismisses with prejudice Ms. Beckham's prayer for emotional distress damages and dismisses with leave to amend her prayer for punitive damages. An amended complaint, if any, must be filed by August 11, 2021.

This Order disposes of Docket No. 56.

7

**IT IS SO ORDERED.**

Dated: July 27, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge